[Cite as *State v. Milligan*, 2012-Ohio-5736.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 98140

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## VICTOR D. MILLIGAN

DEFENDANT-APPELLANT

---

**JUDGMENT:**
**AFFIRMED IN PART,**
**REVERSED IN PART AND REMANDED**

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas

Case No. CR-556563

BEFORE:   Stewart, P.J., Cooney, J., and Keough, J.

RELEASED AND JOURNALIZED:   December 6, 2012

ATTORNEY FOR APPELLANT

Rick L. Ferrara
2077 East 4th Street, Second Floor
Cleveland, OH   44114


ATTORNEYS FOR APPELLEE

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Kevin R. Filiatraut
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH   44113

MELODY J. STEWART, P.J.:

{¶1} The court found defendant Victor Milligan guilty of abduction (a lesser included offense of the original charge of kidnapping) and domestic violence in connection with an incident in which Milligan threw the victim, with whom he shared a house, on a bed and choked her because he suspected her of having an affair.  The contested issues in this appeal are whether the

conviction is supported by the evidence and whether the court erred by allowing the state to offer other acts evidence. The state concedes a third issue — that the court erred by failing to advise Milligan of court costs.

I

{¶2} Milligan argues that his convictions for domestic violence and abduction were against the manifest weight of evidence because his case was more credible than the state's case. He bases this argument on the court's decision to find him not guilty of two other charged offenses: rape and gross sexual imposition. In essence, he complains that having refused to believe the victim's allegation that he committed rape or gross sexual imposition, the court had no basis for finding her credible on the abduction and domestic violence counts.

A

{¶3} The manifest weight of the evidence standard of review requires us to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Otten*, 33 Ohio App.3d 339, 340, 515 N.E.2d 1009 (9th Dist.1986). The use of the word "manifest" means that the trier of fact's decision must be plainly or obviously contrary to all of the

evidence. This is a difficult burden for an appellant to overcome because the resolution of factual issues resides with the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. The trier of fact has the authority to "believe or disbelieve any witness or accept part of what a witness says and reject the rest." *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964).

B

{¶4} We can quickly dispose of Milligan's argument that his conviction for domestic violence was against the manifest weight of the evidence. As charged under R.C. 2919.25(A), the crime of domestic violence required the state to prove that Milligan knowingly caused or attempted to cause harm to a family or household member. Milligan and the victim undisputedly lived together and were thus household members. The victim claimed that Milligan, enraged because he thought she had been cheating with another man, threw her on the bed and choked her to the point where she could not breathe. Photographs of the victim's neck taken when she sought medical treatment following the incident confirmed the victim's allegations. They showed the presence of red marks in the shape of fingers. The court could easily have found these marks were consistent with the victim's claim of being choked by Milligan, thus making her story particularly credible and diminishing the credibility of Milligan's alibi defense.

C

**{¶5}** The evidence of choking that the court found credible was likewise credible on the abduction count. The court found Milligan guilty of abduction under R.C. 2905.02(A)(2), which states that no person shall "[b]y force or threat, restrain the liberty of another person under circumstances that create a risk of physical harm to the victim or place the other person in fear." The victim testified that Milligan "threw me on the bed as he was choking me. He was like on top of me." She described Milligan as being physically strong and that "I couldn't get him off of me." Given the photographic evidence that Milligan had choked the victim, the court could easily believe that Milligan had restrained the victim's liberty by positioning himself on top of her in a way that prevented her from escaping.

D

**{¶6}** Finally, Milligan purports to contest the sufficiency of evidence for both the abduction and domestic violence counts, but he does not independently argue that there was insufficient evidence of his guilt. He simply asks us to "incorporate" his weight of the evidence arguments to find insufficient evidence. We have repeatedly rejected this kind of incorporation argument as being in violation of App.R. 16(A)(7), which requires that the appellant present an argument with respect to each assignment of error presented for review. *See, e.g., State v. Cassano*, 8th Dist. No. 97228,

2012-Ohio-4047, ¶ 2. We summarily overrule his assignment of error relating to the sufficiency of the evidence.

II

**{¶7}** Milligan next argues that the court abused its discretion by allowing the victim's mother to testify to other acts by him that "concerned" the mother. Milligan argues that this was inadmissible other acts evidence and barred by Evid.R. 404(B). He also argues that defense counsel was ineffective for failing to object to other acts testimony by the victim.

**{¶8}** We need not analyze whether the court erred by admitting any of the challenged evidence or whether defense counsel was ineffective for failing to object because we find that error, if any, would have been harmless beyond a reasonable doubt.

**{¶9}** An error in admitting or excluding evidence in a criminal trial is considered harmless if "there is no reasonable probability that the evidence, or the exclusion of evidence, may have contributed to the accused's conviction." *State v. Bayless*, 48 Ohio St.2d 73, 106, 357 N.E.2d 1035 (1976), *vacated on other grounds*, *Bayless v. Ohio*, 438 U.S. 911, 98 S.Ct. 3135, 57 L.Ed.2d 1155 (1978).

**{¶10}** As noted in our discussion of the weight of the evidence supporting the conviction for domestic violence, the photographs of the victim's neck provided compelling evidence that Milligan choked her as

alleged by the state. Even if all the evidence of prior acts testified to by the mother had been omitted from the trial, we find beyond a reasonable doubt that the court would have found Milligan guilty of choking the victim.

{¶11} For the same reasons noted above, we reject Milligan's argument that defense counsel was ineffective because he failed to object to the victim's testimony about other acts of violence that Milligan committed against her. An ineffective assistance of counsel claim will lie only when it is shown both that (1) the performance of defense counsel was seriously flawed and deficient, and (2) the result of the defendant's trial or legal proceeding would have been different had defense counsel provided proper representation. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Even if we assume that counsel should have objected to the victim's other acts testimony, the outcome of trial would not have been different given the compelling photographic evidence showing that the victim had been choked.

## III

{¶12} Finally, Milligan complains that the court failed to inform him at sentencing about the imposition of court costs, despite imposing them in its sentencing entry. The state concedes the error, and we agree. *See State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278. We sustain this

assignment of error, vacate the imposition of court costs, and remand to the trial court to properly impose court costs.

**{¶13}** Judgment affirmed in part, reversed in part, and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

___

MELODY J. STEWART, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;

COLLEEN CONWAY COONEY, J., CONCURS
IN JUDGMENT ONLY