[Cite as *State v. Forte*, 2013-Ohio-5126.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99573**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MARTIN FORTE

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-561476

**BEFORE:** Stewart, A.J., Blackmon, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** November 21, 2013

**ATTORNEY FOR APPELLANT**

Rick L. Ferrara
2077 East 4th Street, Second Floor
Cleveland, OH    44114


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Mary Weston
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} Police officers executing a search warrant in a residence discovered defendant-appellant Martin Forte in a bedroom, seated at a table. When he saw the police, Forte dropped a plastic bag containing a large amount of crack cocaine. In front of him on the table was a plate with cocaine residue, a razor blade, and scale. Plastic baggies were found on a nearby dresser. The state charged Forte with drug possession, drug trafficking, and possession of criminal tools. A jury found him guilty on all counts. In this appeal, he complains that (1) the state failed to prove venue, (2) that there was insufficient evidence to prove drug trafficking, and (3) that defense counsel was ineffective because he allowed a police officer to testify to hearsay statements in a police report. We find no error and affirm.

I

{¶2} Forte first argues that the state failed to offer any evidence of venue because none of the witnesses testified to the location of the crimes.

{¶3} R.C. 2901.12(A) states: "The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and in the territory of which the offense or any element of the offense was committed."

{¶4} Although venue is a factual issue that must be proved beyond a reasonable doubt, *State v. Headley*, 6 Ohio St.3d 475, 477, 453 N.E.2d 716 (1983), like other facts, it may be proved circumstantially. *State v. Mason*, 8th Dist. Cuyahoga No. 78606, 2001

Ohio App. LEXIS 3019 (July 5, 2001); *State v. Sudderth*, 9th Dist. Summit No. 24448, 2009-Ohio-3363, ¶ 8.  When testimony establishes a specific location without giving the name of the county, the court may take judicial notice that a location is in a particular county.  *State v. Combs*, 7th Dist. Jefferson No. 97-JE-65, 1999 Ohio App. LEXIS 5333 (Nov. 15, 1999); *Linndale v. Krill*, 8th Dist. Cuyahoga No. 81881, 2003-Ohio-1535, ¶ 8.

{¶5} The police executed the warrant at an address located at 2581 W. 5th Street in the city of Cleveland.  The officers collectively testified that they were employed by the city and were assigned to the "Second District."  In addition, the search warrant inventory sheet admitted into evidence listed the address as being located in "Cleveland." This evidence was sufficient circumstantial evidence to show that the offense occurred in Cuyahoga County.

II

{¶6} Forte next argues that the state failed to present sufficient evidence that he trafficked in drugs.  He argues that the state failed to show that he lived at the house where the drugs were found or that he assisted in preparing the drugs for sale.

{¶7} We decide whether the evidence is sufficient to sustain a verdict by examining the evidence in the light most favorable to the prosecution and determining whether any rational trier of fact could have found that the prosecution proved the essential elements of the crime beyond a reasonable doubt.  *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 78, quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

**{¶8}** The drug trafficking statute, R.C. 2925.03(A)(2), provides that no person shall knowingly "prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance * * * when the offender knows or has reasonable cause to believe that the controlled substance * * * is intended for sale or resale by the offender or another person." As differentiated from drug possession, trafficking requires more than just having or being in control of drugs — the state must offer evidence that the defendant prepared the drugs for shipment, shipped the drugs, prepared the drugs for distribution, or distributed the drugs. *See State v. Anderson*, 8th Dist. Cuyahoga No. 69620, 1996 Ohio App. LEXIS 5322 (Nov. 27, 1996).

**{¶9}** The evidence showed that the police executed a series of controlled drug buys from a person known as "B." The drug buys occurred at a house owned by "B," so the police obtained a search warrant for the house. When they executed the search warrant, they found a male and young girl in the living room. When told that another person was present in the master bedroom, the police acted to secure the premises. The police quietly entered the bedroom and saw Forte sitting at a table, bent over with his hands on the table. When Forte saw the police, he dropped a plastic bag containing nearly 24 grams of crack cocaine. In front of him on the table was a small bag of crack cocaine, a scale, a plate with what that the police thought was crack cocaine residue, a razor blade, and $130 in currency. On top of a dresser in the bedroom was a second scale and box of small plastic bags. A search of Forte uncovered an additional $344. The police testified

that it would be "very uncommon" for a mere drug user to have 24 grams of cocaine and that they never come across a drug user with $474 in cash.

**{¶10}** Although the state had no direct evidence of Forte trafficking drugs, the circumstantial evidence of drug trafficking was compelling. "[N]umerous courts have determined that items such as plastic baggies, digital scales, and large sums of money are often used in drug trafficking and may constitute circumstantial evidence of conduct proscribed by R.C. 2925.03(A)(2)." *State v. Rutledge*, 6th Dist. Lucas No. L-12-1043, 2013-Ohio-1482, ¶ 15 (collecting cases); *State v. Kutsar*, 8th Dist. Cuyahoga No. 89310, 2007-Ohio-6990, ¶ 20 (same). In addition to there being baggies, scales, and large amounts of cash, the sheer quantity of crack cocaine in Forte's possession was evidence of trafficking. The police testified that the amount of crack cocaine they confiscated went beyond what they would expect to find in the possession of a mere user. A rational trier of fact could find the evidence presented in this case to be wholly consistent with the preparation of crack cocaine for sale or delivery.

**{¶11}** Forte notes that the bedroom he occupied had been rented to the original target of the investigation, "B," so it was more likely that "B" was the true drug trafficker and Forte merely a "recreational" user. This argument ignores the circumstances detailed above — the large quantity of crack cocaine, the large quantity of currency, the plate with cocaine residue, a scale, a razor that would be used to slice smaller rocks from the large rock, and plastic baggies that could be used to package the crack cocaine. Regardless of whether Forte was the initial target of the police investigation, his being seated at a table

containing so much drugs and trafficking paraphernalia was such that a rational trier of fact could find that he was trafficking drugs.

{¶12} Forte also argues that his conviction was against the manifest weight of the evidence, but offers nothing more than the reincorporation of the argument that he made concerning the sufficiency of the evidence for drug trafficking. "A claim that a jury verdict is against the manifest weight of the evidence involves a separate and distinct test that is much broader [than the test for sufficiency]." *State v. Drummond*, 111 Ohio St.3d 14, 2006-Ohio-5084, 854 N.E.2d 1038, ¶ 193. We have consistently held that the App.R. 16(A)(7) obligation to present an argument with respect to each assignment of error presented for review does not allow an appellant to "incorporate" an argument about the weight of the evidence into an earlier argument that a conviction is not supported by sufficient evidence. *See, e.g., State v. Milligan*, 8th Dist. Cuyahoga No. 98140, 2012-Ohio-5736, ¶ 6. To allow otherwise would be to ignore the separate and distinct nature of arguments going to the sufficiency and weight of the evidence. We therefore summarily dispose of this assigned error.

III

{¶13} During the cross-examination of the police detective who participated in the execution of the search warrant and witnessed Forte drop the bag of crack cocaine, defense counsel pursued a line of questioning on whether Forte was discovered "cutting" the crack cocaine when the police executed the warrant. The detective said that Forte was not cutting the crack cocaine, so defense counsel asked him to explain a police report

prepared by the lead detective on the case saying that Forte was "cutting crack cocaine and bagging it." The detective said that report was erroneous and the lead detective later admitted that he had no first-hand knowledge that Forte was cutting the crack cocaine — he "inferred" that conclusion from his discussions with the detective. Forte argues that counsel was ineffective for pursuing this line of questioning because it brought out a nonissue — that the detective's testimony did not include another officer's erroneous interpretation of the facts.

{¶14} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In the context of what is considered "deficient," it means that counsel's performance fell below an objective standard of reasonableness. *Stricklan*d at 688. We presume counsel is competent, *id*. at 689, so a deficient performance encompasses "omissions [that] cannot be explained convincingly as resulting from a sound trial strategy, but instead [arise] from oversight, carelessness, ineptitude, or laziness * * *." *Eze v. Senkowski*, 321 F.3d 110, 112 (2d Cir.2003).

{¶15} Forte had no real defense against the possession count in light of the testimony that he dropped a bag of crack cocaine as the police entered the bedroom, so the defense appeared to focus on the trafficking count. Forte argued that the person known to the police as "B" was the suspected trafficker, and that Forte had been in

"B's" bedroom only for recreational purposes. To that end, counsel asked a number of questions about the location of the plastic bags on the dresser, implying that they were out of Forte's reach at the table.

{¶16} The difficulty for the defense was the presence of a scale and razor blade on the table where Forte was sitting at the time of his arrest. The 24-gram rock of crack cocaine far exceeded the standard "rock" dose (trial testimony showed there are seven to eight rocks in a gram), so Forte's presence at the table with a scale and razor in front of him suggested that he was cutting the crack cocaine. Admittedly, the detective did not testify that Forte was cutting the crack cocaine. However, defense counsel knew that the lead detective would be testifying (he was sitting at the defense table throughout trial), and the lead detective's report did state that Forte had been seen cutting the crack cocaine. Defense counsel thus had two bases for mentioning the report: first, to note the inconsistency between the versions told by the two detectives; second, to prove that Forte was not actually seen cutting the crack cocaine. Defense counsel succeeded on both points — the detective who actually saw Forte during the execution of the search warrant firmly said that he did not see Forte cutting the crack cocaine and the lead detective was forced to concede that his report wrongly inferred from the other detective that Forte was cutting the crack cocaine.

{¶17} Forte concedes that defense counsel's question was a "victory," although he calls it a "pyrrhic" one. Appellant's brief at 16. By definition, a victory can only be pyrrhic in hindsight, as what appears to be a victory is one that comes at a great cost, the

extent of which can only be known at a later time. Appellate courts will not second-guess strategic decisions by defense counsel by viewing them in hindsight. *Strickland* at 689; *State v. Keenan*, 81 Ohio St.3d 133, 153, N.E.2d 929 (1998). Whether defense counsel should have pursued this line of questioning is debatable, but because it was debatable, we cannot say that defense counsel's trial strategy fell below an objective standard of reasonableness. Having failed to show that defense counsel's performance was deficient, Forte cannot make out an ineffective assistance of counsel claim.

{¶18} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, ADMINISTRATIVE JUDGE

PATRICIA ANN BLACKMON, J., and
TIM McCORMACK, J., CONCUR