[Cite as *State v. Cobb*, 2024-Ohio-458.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 112785 |
| v. | : | |
| JOHN COBB, JR., | : | |
| Defendant-Appellant. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART; SENTENCE VACATED
IN PART; AND REMANDED
**RELEASED AND JOURNALIZED:** February 8, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-670729-B

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Benjamin Fuchs, Assistant Prosecuting
Attorney, *for appellee*.

Christopher M. Kelley, *for appellant*.

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant John Cobb, Jr. ("appellant"), appeals his convictions and sentence in this case. Upon review, we vacate the sentence imposed upon Counts 1, 2, 3, and 4, which involve allied offenses of similar import, and we remand with

instructions for merger and resentencing. We otherwise affirm the judgment of the trial court.

{¶ 2} In June 2022, appellant was charged along with a codefendant, Chaz A. Belton, under a seven-count indictment with two counts of trafficking (Counts 1 and 3), four counts of drug possession (Counts 2, 4, 5, and 6), and possessing criminal tools (Count 7). Each count included forfeiture specifications. The case proceeded to a jury trial. Counts 3 and 4 were amended during trial to change the amount of the drug and degree of the offense.

{¶ 3} The testimony at trial revealed that on May 19, 2022, police detectives were conducting surveillance near Craven Avenue and East 118th Street in Cleveland for possible drug activity. Detective Daniel Hourihan, who was in an undercover car, observed a white vehicle that was backed into a driveway and saw multiple individuals approach the driver's window and engage in suspected hand-to-hand drug transactions. At one point, he saw the driver exit the white vehicle and have a brief interaction at the driver's side of another vehicle.

{¶ 4} After a zone car was contacted to initiate a stop, Detective Matthew Pollak approached the white vehicle and observed Belton standing outside of the driver's door and appellant in the passenger's seat. Detective Pollak smelled a strong odor of marijuana. In the vehicle, the detective found a large bag containing suspected marijuana, an orange pill bottle with the name ripped off the label containing 5 mg tablets of oxycodone, and a digital scale with THC residue. The detective testified that drug traffickers will typically have scales to weigh their

product and ensure they are selling proper amounts.  Two cell phones were also seized, which the detective testified are also common among drug traffickers.

{¶ 5} Detective Pollak searched Belton's person and found $9,882 in cash, the majority of which was rubber banded together, and a container with marijuana dipped in THC wax.

{¶ 6} Detective Cody Sheets searched Cobb's person.  Detective Sheets noticed Cobb had a knife on a chain around his neck and, upon patting down Cobb, he found a knife in Cobb's pocket and a bag in the waistband of Cobb's underwear containing smaller bags that contained an aggregate total of 15.14 grams of methamphetamine, which is typically sold as ecstasy.  The detective testified that having the smaller bags of drugs inside the larger bag was common among drug traffickers for quicker transactions.  Detective Sheets also found on Cobb a pill bottle with the name ripped off the label containing 60 mg capsules of Vyvanse (30-unit doses of lisdexamphetamine), a small bag containing 1.17 grams of cocaine hydrochloride, $27 cash, and a 100-gram weight, which is commonly used by drug traffickers to calibrate the scale.

{¶ 7} Edgar Andrus, a forensic scientist from the Cuyahoga County Regional Forensic Laboratory, testified to the lab results and the weight of the drugs recovered.  Other testimony and evidence were presented, which this court has reviewed.

{¶ 8} The jury found appellant guilty as to Counts 1-5, but not guilty on the forfeiture specifications accompanying each count.  The jury found appellant not

guilty on Counts 6 and 7. The trial court sentenced appellant on each of Counts 1-5 to be served concurrent to each other as well as to sentences imposed in other matters. The total aggregate prison sentence in the case was six to nine years. The trial court also imposed a $7,500 fine on Count 1.

{¶ 9} Appellant timely filed this appeal. He raises four assignments of error for our review.

{¶ 10} Under his first assignment of error, appellant claims his convictions are against the manifest weight of the evidence.

{¶ 11} When reviewing whether a judgment is against the manifest weight of the evidence, an appellate court reviews the entire record and "'weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). Reversing a conviction based upon the weight of the evidence should occur "'only in the exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*, quoting *Martin* at 175.

{¶ 12} Appellant challenges his convictions on the two counts of trafficking under R.C. 2925.03(A)(2) and three counts of drug possession under R.C. 2925.11(A).

{¶ 13} First, appellant argues that the evidence in this case was unreliable because he claims the state failed to show the proper chain of custody was followed or to show that the equipment and instruments used to test the drugs were properly calibrated. Appellant argues that the record fails to show how the alleged drugs got from the crime scene to the forensic laboratory to be tested and that the individual who delivered the evidence to the lab did not have his name written on the evidence. He also maintains that the testimony of Edgar Angus did not establish with reasonable certainty that the instruments used to test the drugs were properly calibrated.

{¶ 14} "As a general matter, 'the state [is] not required to prove a perfect, unbroken chain of custody.'" *State v. Gross*, 97 Ohio St.3d 121, 2002-Ohio-5524, 776 N.E.2d 1061, ¶ 57, quoting *State v. Keene*, 81 Ohio St.3d 646, 662, 693 N.E.2d 246 (1998). Any break in the chain of custody goes to the weight, rather than the admissibility, of evidence. *State v. Franklin*, 97 Ohio St.3d 1, 2002-Ohio-5304, 776 N.E.2d 26, ¶ 43, citing *State v. Richey*, 64 Ohio St.3d 353, 360, 595 N.E.2d 915 (1992). "'The state need only establish that it is reasonably certain that substitution, alteration or tampering did not occur.'" *State v. Sims*, 8th Dist. Cuyahoga No. 89261, 2007-Ohio-6821, ¶ 14, quoting *State v. Blevins*, 36 Ohio App.3d 147, 150, 521 N.E.2d 1105 (10th Dist.1987).

{¶ 15} Our review of the transcript reflects that Detective Sheets testified to his recovery of the drugs and to his name being on the evidence bags. Although he did not know who delivered the evidence to the forensic laboratory, he testified that

the evidence "was sealed, marked, tagged and entered" and that the process for preserving the integrity of the evidence was followed. He also recognized the exhibits shown at trial were the same drugs that were in fact recovered. Edgar Andrus, the forensic scientist, testified to the forensic laboratory's chain-of-custody procedure. He testified that the police have potential controlled substances packaged when brought to the lab, and he testified that in this case, all the bags had the last name and badge number of Detective Sheets on them. Mr. Andrus further indicated that there are identifiers assigned to the evidence by the lab, and he testified to sealing the bags after testing to maintain the integrity of the evidence. Additionally, Mr. Andrus testified that the lab instruments are checked with a test mix daily to make sure they are detecting substances in the expected manner and an evaluation is run to ensure the instruments are within specifications. Mr. Andrus also testified to his qualifications and to the testing he performed. This testimony effectively established a proper chain of custody and the reliability of the testing process and results.

{¶ 16} Next, appellant argues the evidence failed to show any drug trafficking beyond a reasonable doubt. Appellant was convicted on Counts 1 and 3 of trafficking under R.C. 2925.03(A)(2). Appellant argues the evidence at trial suggested he merely possessed the alleged drugs, not that he trafficked them. He further argues that he was not complicit in any of Belton's offenses. We are not persuaded by his arguments.

{¶ 17} In this case, the detectives testified, based upon their observation and experience, to the circumstances being indicative of drug trafficking. The detectives were investigating the area for drug activity, appellant and Belton were in a vehicle backed into a driveway, several suspected hand-to-hand transactions were observed with various individuals, a bag with multiple smaller bags of drugs was found in appellant's waistband, vials of drugs with the names ripped off the label and a 100-gram weight were found, a large amount of money was found on Belton, and a scale and cell phones were found in the vehicle. As this court has previously stated, "It has long been established that otherwise innocuous objects such as bags, money, or cell phones can be used as criminal tools in drug trafficking and these items may constitute circumstantial evidence for drug trafficking." *State v. Hawthorne*, 8th Dist. Cuyahoga No. 102689, 2016-Ohio-203, ¶ 21, citing *State v. Bowling*, 8th Dist. Cuyahoga No. 93052, 2010-Ohio-3595, ¶ 60. Furthermore, in that the detectives found the majority of the money on Belton, while they found the majority of the drugs on Cobb, Detective Pollack testified it is common to find a separation of money and drugs when the people are working in tandem, which is sort of a risk-mitigation tactic in the event of police interdiction. The circumstantial evidence in this case established appellant not only possessed the drugs, but he trafficked them and was complicit with Belton.

{¶ 18} After reviewing the entire record, weighing the evidence and all reasonable inferences, and considering the credibility of the witnesses, we do not find the trial court clearly lost its way and created such a manifest miscarriage of

justice that the adjudication must be reversed. This is not the exceptional case in which the evidence weighs heavily against the conviction. The first assignment of error is overruled.

{¶ 19} Under his second assignment of error, appellant claims his convictions were not supported by sufficient evidence. When reviewing a sufficiency challenge, "the inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 273, 574 N.E.2d 492 (1991), citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

{¶ 20} R.C. 2925.03(A)(2), trafficking in drugs, provides:

No person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person.

{¶ 21} R.C. 2925.11(A), possession of drugs, provides:

No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog.

{¶ 22} In challenging his convictions for drug possession on Counts 2, 4, and 5, appellant again challenges the reliability of the evidence to establish the drugs were illegal drugs and to establish the weight and amount of the drugs. Appellant also challenges his convictions on Counts 1 and 3 for trafficking under R.C. 2925.03(A)(2), again claiming that the evidence simply showed he possessed the alleged drugs and that the state failed to establish he was complicit with Belton.

{¶ 23} We have thoroughly reviewed the record in this case. The state presented testimony from the detectives to establish appellant's involvement in the commission of the crimes. Detective Sheets testified regarding the drugs he found on appellant's person, and the forensic scientist testified to the positive lab results and the weight of the drugs. The testimony sufficiently established that the evidence was reliable. Additionally, the circumstantial evidence presented was sufficient to show appellant and Belton were engaging in drug trafficking when they were apprehended. Upon our review, we find the state presented sufficient evidence to show appellant not only committed the drug-possession offenses, but also that he committed the trafficking offenses and was complicit with Belton. After viewing the evidence in the light most favorable to the prosecution, we find any reasonable trier of fact could have found the essential elements of the crimes proven beyond a reasonable doubt. The second assignment of error is overruled.

{¶ 24} Under his third assignment of error, appellant claims the trial court erred in providing a complicity instruction to the jury. He asserts the evidence at trial was insufficient to warrant a jury instruction on complicity.

{¶ 25} "Requested jury instructions should ordinarily be given if they are correct statements of law, if they are applicable to the facts in the case, and if reasonable minds might reach the conclusion sought by the requested instruction." *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 240, citing *Murphy v. Carrollton Mfg. Co.*, 61 Ohio St.3d 585, 591, 575 N.E.2d 828 (1991). "To support a conviction for complicity by aiding and abetting pursuant to

R.C. 2923.03(A)(2), the evidence must show that the defendant supported, assisted, encouraged, cooperated with, advised, or incited the principal in the commission of the crime, and that the defendant shared the criminal intent of the principal." *State v. Johnson*, 93 Ohio St.3d 240, 240, 754 N.E.2d 796 (2001), syllabus. "Such intent may be inferred from the circumstances surrounding the crime." *Id*.

{¶ 26} Based on our review, we find the evidence was sufficient to show that appellant was complicit in trafficking in the controlled substances. Because any reasonable trier of fact could have found beyond a reasonable doubt that appellant knowingly aided and abetted Belton in committing the trafficking offenses, the jury instruction on complicity was warranted. Accordingly, we find the trial court did not err in giving the jury instruction. The third assignment of error is overruled.

{¶ 27} Under his fourth assignment of error, appellant claims the trial court committed plain error by failing to merge appellant's convictions for drug trafficking and drug possession as allied offenses of similar import. Specifically, he claims the trial court committed plain error by failing to merge Counts 1 and 2, which involve trafficking and possession of methamphetamine, and by failing to merge Counts 3 and 4, which involve trafficking and possession of lisdexamphetamine. He asserts with respect to each particular type of drug that because he was found to have trafficked and possessed the same drugs through the same act, they were allied offenses of similar import and should have merged pursuant to R.C. 2941.25.

{¶ 28} "Ohio courts have long recognized that, in most instances, trafficking and possession charges based on the same contraband are allied offenses requiring

merger." *State v. Mitchell*, 1st Dist. Hamilton Nos. C-220155 and C-220156, 2022-Ohio-4355, ¶ 24, citing *State v. Murph*, 1st Dist. Hamilton No. C-150263, 2015-Ohio-5076, ¶ 7; *State v. Fenderson*, 6th Dist. Erie No. E-21-018, 2022-Ohio-1973, ¶ 86; *see also State v. Martin*, 1st Dist. Hamilton No. C-230236, 2024-Ohio-10, ¶ 32-34 (finding a trial court should have merged trafficking in marijuana and possession of marijuana counts). As stated in *Martin*, "'By its nature, a drug-trafficking offense under R.C. 2925.03(A)(2), which requires that the offender knowingly "[p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance," necessarily includes some degree of possession.'" *Martin* at ¶ 34, quoting *Murph* at ¶ 7.

{¶ 29} Upon the record before us, we agree that in this case the trial court committed plain error in failing to merge the methamphetamine-related offenses and by failing to merge the lisdexamphetamine-related offenses. The fourth assignment of error is sustained.

{¶ 30} In conclusion, we vacate the sentences imposed on Counts 1, 2, 3, and 4, and we remand the matter with instructions for the trial court to merge Counts 1 and 2, which are the offenses for trafficking in and possession of methamphetamine, and to separately merge Counts 3 and 4, which are the offenses for trafficking in and possession of lisdexamphetamine. The trial court shall permit the state to elect which of the respective allied offenses to pursue for sentencing, and the trial court shall resentence appellant on the counts elected by the state. The judgment is affirmed in all other respects.

{¶ 31} Judgment affirmed in part; sentence vacated in part. Case remanded for merger and resentencing.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
SEAN C. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
MICHAEL JOHN RYAN, J., CONCUR