[Cite as *State v. Hawthorne*, 2011-Ohio-6078.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96496**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## SHAMEKA HAWTHORNE

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-535266

**BEFORE:** Stewart, P.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** November 23, 2011

**ATTORNEY FOR APPELLANT**

Alek El-Kamhawy
14837 Detroit Avenue, No. 227
Cleveland, OH    44107

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

By:    Carrie Hendrichs
          John Wojton
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, P.J.:

{¶ 1} Defendant-appellant, Shameka Hawthorne, appeals from her conviction for felonious assault stemming from a fight involving multiple individuals.  She complains that the evidence supporting her conviction was legally insufficient and against the manifest weight of the evidence.  For the reasons stated below, we affirm.

{¶ 2} Evidence presented at Hawthorne's bench trial set forth the following facts. Kendra Hart, the 15-year-old victim, testified that on March 11, 2010, she attempted to aid her sister who was embroiled in a fight in a parking lot involving 20 to 30 females with a large crowd of onlookers.  Some of the attackers were armed with sticks, knives, and glass, and numerous punches were thrown.  Hart was pummeled by numerous

unknown individuals after throwing a punch at co-defendant, Latricia Hogan. The victim then observed Hawthorne approaching her with a black box cutter. The victim did not actually see Hawthorne's assault upon her, and only became aware that she had been injured when she heard someone from the crowd scream "Kendra, you got stabbed." The victim's sister and mother intervened in the fracas and afterwards, the victim and her mother overheard Hawthorne loudly boasting, "[y]eah, I cut her, yeah."

{¶ 3} Numerous officers from the Cuyahoga Metropolitan Housing Authority ("CMHA") Police Department[1] responded to the incident, along with officers from the Cleveland Police Department and paramedics from Cleveland Emergency Medical Services. Upon arrival, Officer Jeffrey Holdeman found the victim staggering around in an incoherent fashion, and observed blood on the back of her shirt. After sitting her on the sidewalk, he removed her shirt and discovered three lacerations to her upper back. Holdeman used gauze retrieved from his police cruiser to apply direct pressure to the victim's wounds in an attempt to stop the bleeding.

{¶ 4} While administering first aid, Holdeman asked the victim to tell him what transpired. She described her attackers as two females, one wearing a bright orange T-shirt, and the other wearing a dark T-shirt and heavy set. She then identified her assailants by pointing directly at Hawthorne and Hogan, who were standing in the doorway of a nearby apartment building. When the officers approached Hawthorne and

---

[1]The Cleveland Police Department forwarded a call to CMHA police concerning a large fight taking place at the Carver Park Estate, a public housing development managed by the agency.

Hogan, they entered into an apartment occupied by a lot of people in an attempt to blend in with the crowd. The officers followed the females into the apartment and arrested them.

{¶ 5} In her single assignment of error, Hawthorne argues that the trial court erred in finding her guilty without legally sufficient evidence, and that the finding was against the manifest weight of evidence presented at trial.

{¶ 6} When reviewing a claim that there is insufficient evidence to support a conviction, we view the evidence in a light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks* (1981), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.

{¶ 7} A manifest weight standard of review is different in that it requires us to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Otten* (1986), 33 Ohio App.3d 339, 515 N.E.2d 1009, paragraph one of the syllabus. The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541.

{¶ 8}  Hawthorne contends that the evidence presented against her was entirely circumstantial and legally insufficient to sustain her conviction.

{¶ 9}  A verdict will not be disturbed based upon a claim of insufficient evidence unless it is apparent that reasonable minds could not come to the conclusion reached by the trier of fact.  *State v. Treesh*, 90 Ohio St.3d 460, 484, 2001-Ohio-4, 739 N.E.2d 749. "Proof of guilt may be made by circumstantial evidence, real evidence, and direct evidence, or any combination of the three, and all three have equal probative value." *State v. Zadar*, 8th Dist. No. 94698, 2011-Ohio-1060, ¶18, citing *State v. Nicely* (1988), 39 Ohio St.3d 147, 529 N.E.2d 1236. "Circumstantial evidence is not only sufficient, but may also be more certain, satisfying, and persuasive than direct evidence." *Michalic v. Cleveland Tankers, Inc.* (1960), 364 U.S. 325, 330, 81 S.Ct. 6, 5 L.Ed.2d 20.

{¶ 10} Felonious assault, set forth in R.C. 2903.11(A), states in pertinent part: "No person shall knowingly *** (2) Cause or attempt to cause physical harm to another *** by means of a deadly weapon."   A "deadly weapon" is defined as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon."   R.C. 2923.11(A).

{¶ 11} In the case at bar, the evidence is sufficient for rational minds to conclude that Hawthorne caused physical harm to the victim by means of a deadly weapon.  The victim testified that she saw Hawthorne approach her with a black box cutter in her hand.  A box cutter is certainly adaptable as a deadly weapon.  The testimony, "[y]eah, I cut her, yeah", demonstrates Hawthorne's mental state at the time of the assault. Physical

harm to the victim was evidenced by hospital records indicating that she suffered multiple lacerations and by photographs depicting gaping lacerations to her upper back. Testimony from Officer Holdeman and Paramedic Mordarski recounting their first aid efforts also established the element of physical harm.

{¶ 12} We find this evidence sufficient to sustain Hawthorne's conviction.

{¶ 13} Hawthorne additionally complains that the manifest weight of the evidence does not support a finding of guilt because there was conflicting testimony with regard to who attacked Hart.

{¶ 14} When reviewing a claim that a conviction is against the manifest weight of the evidence, we are mindful that the weight to be given the evidence and the credibility of the witnesses are matters primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The trier of fact has the authority to "believe or disbelieve any witness or accept part of what a witness says and reject the rest." *State v. Antill* (1964), 176 Ohio St. 61, 67, 197 N.E.2d 548. "[A]n appellate court may not substitute its own judgment for that of the finder of fact." *State v. Awan* (1986), 22 Ohio St.3d 120, 123, 489 N.E.2d 277.

{¶ 15} Hawthorne complains that the manifest weight of the evidence points to her innocence since reasonable doubt as to who stabbed the victim is not outweighed by the testimony presented. She points out that numerous armed individuals took part in the brawl, and that Hart did not actually see her inflict the wounds because she was incoherent from the blows she sustained prior to being stabbed. Hawthorne contends

that while more than 50 independent witnesses were available for questioning about the assault, the police made no attempt to follow up the investigation. Instead, the prosecution only presented the biased testimony of Hart and her mother. Hawthorne notes that no weapon was found or presented at trial, and that there was no blood found on her. Finally, she argues that the testimony of defense witness Christine Mangham, who observed from a nearby porch a different person stab Hart, was not appropriately evaluated.

{¶ 16} In *State v. Jordan*, 8th Dist. Nos. 79469 and 79470, 2002-Ohio-590, a knife-assault victim's identification of her assailant was challenged by the defendant as being against the manifest weight of the evidence. The defendant claimed that he had merely happened upon the scene and was not the attacker. The court noted that "as a reviewing court, [it] must only consider whether the evidence and any reasonable inferences therefrom can support the jury's verdict." Id. at 3. The court overruled the appellant's assignment of error since the fact finder had resolved the conflicting testimony and found the victim's version of events to be more credible.

{¶ 17} In *State v. Carroll*, 1st Dist. No. C-020777, 2003-Ohio-5260, a group of individuals attacked and repeatedly stabbed their victim with a knife. Evidence presented at trial consisted of the victim's positive identification of the defendant. The defendant presented an alibi that directly conflicted with the victim's testimony and also challenged the victim's recollection of the identity of his assailants. Despite the

conflicting testimony, the reviewing court found that the manifest weight of the evidence offered was sufficient to support the conviction.  Id. at ¶32.

{¶ 18} The victim in the case at bar testified that she saw Hawthorne, who was wearing an orange shirt and jogging pants, approach her with a black box cutter in her hand.  Shortly thereafter, she heard someone from the crowd scream  "Kendra, you got stabbed."  The victim and her mother testified that they overheard Hawthorne boasting that she had "stabbed the bitch."  When the police arrived, Hawthorne was still near the scene of the fight.  The victim immediately identified Hawthorne as her attacker. Officer Brandon Greear testified that Hawthorne was wearing an orange shirt when he arrested her.  At trial, the victim identified Hawthorne from a photo taken by the police on the day of the assault.

{¶ 19} While the testimony of Mangham is at odds with the state's evidence, the court obviously resolved the conflict in favor of the state.  We cannot say that the evidence weighs heavily against conviction.

{¶ 20} Hawthorne's sole assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.   The defendant's

conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KENNETH A. ROCCO, J., CONCUR