[Cite as *State v. Collins*, 2013-Ohio-488.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98350

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## STANLEY D. COLLINS

DEFENDANT-APPELLANT

---

## JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-552720

**BEFORE:** McCormack, J., Keough, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** February 14, 2013

**ATTORNEY FOR APPELLANT**

Stephen L. Miles
20800 Center Ridge Road
Suite 405
Rocky River, OH 44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Daniel South
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant, Stanley Collins ("Stanley Collins"), appeals from a judgment of the Cuyahoga Court of Common Pleas that found him guilty of breaking and entering and sentenced him to one year of community control sanctions.

## Substantive Facts and Procedural History

{¶2} On July 22, 2011, North Randall police department received a call that two males were stealing copper from the North Randall Mall. Stanley Collins was apprehended as he was walking away from the mall, and subsequently indicted by a grand jury for breaking and entering and possession of criminal tools. Stanley Collins pleaded not guilty but waived a jury trial. At the bench trial, the state presented the testimony of four police officers and a mall employee. Stanley Collins testified on his own behalf.

{¶3} The court found him guilty of breaking and entering but not guilty of possession of criminal tools, and sentenced him to one year of community control.

{¶4} On appeal, Stanley Collins raises a single assignment of error for our review. He claims there was insufficient evidence to support his conviction of breaking and entering.

## Sufficiency of the Evidence

{¶5} When reviewing a challenge of the sufficiency of the evidence, we examine the evidence admitted at trial and determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* at paragraph two of the syllabus.

{¶6} A sufficiency challenge requires us to review the record to determine whether the state presented evidence on each of the elements of the offense. This test involves a question of law and does not allow us to weigh the evidence. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

## Breaking and Entering

{¶7} The offense of breaking and entering is defined in R.C. 2911.13, which states, in pertinent part: "(A) No person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft offense, as defined in section 2913.01 of the Revised Code, or any felony."

## Evidence Presented by the State

{¶8} At trial, the court heard testimony from four officers and a mall employee in charge of security and maintenance. The police officers' testimony established the following facts. Around 9 a.m. on July 22, 2011, the police received a report that two

males were stealing copper from the Randall Park Mall — a long-closed mall with boarded doors and windows. The report indicated two males entered the mall at an entrance between Macy's and PSI, a vocational school. When the police arrived, they observed that the door, which had been boarded up, was "cracked open," and some plywood was knocked to the ground. Inside the dark mall, water was all over the ground, and the walls were covered with mold.

{¶9} Once inside, the officers heard "banging" noises and traced the noises to a Chinese restaurant in the food court area on the second floor. The area was muddy and wet. As the officers approached the area, two males were heard talking. Officer Chauncy Turner saw two males carrying pipes and putting them in a duffel bag. He could see one male who was tall and slender, with "salt and pepper" matted-down hair, but could not see his facial features. The other male was only a shadowy figure.

{¶10} When Officer Turner announced himself, both men ran off. The tall and slender male with the matted-down hair ran to the left and up the stairs, and then disappeared. The other male, Jeffrey Collins, whom Officer Turner had only seen previously as a shadowy figure, went to the right, and ended up behind a dumpster located at the back of the restaurant. He was holding cut-up bars of copper, and a screwdriver and flashlight were found on him. Officer Turner placed Jeffrey Collins in custody and asked the other officers to look out for the second male who got away, describing him as a tall, slender, black male with his hair "matted on his head, like in a small afro."

Officer Turner recalled Jeffrey Collins stating that he was with his brother or brother-in-law, and that "Doug" was with him.

{¶11} Officer Shawn Schoger spotted Stanley Collins, who matched the description given by Officer Turner, as he was walking away from the mall, about 30 yards from Sears' glass doors, one of which was "slightly ajar." Most notable in Stanley Collins's appearance was his clothes: although it was a sunny day, his pants were wet and muddy. When questioned, Stanley Collins told Officer Schoger he came from a bus stop. However, the officer found on his person a set of keys to an SUV parked nearby in the parking lot. The officer also found a flashlight in his pocket.

{¶12} A mall employee responsible for the mall building's security and maintenance also testified. His duties included boarding up all doors and windows to secure entrances to the mall. No one was allowed in the building without his permission. He was asked by the police to survey the damages done to the pipes in the kitchen area, and he estimated the damages to be between $10,000 and $15,000.

{¶13} Stanley Collins testified on his own behalf. He testified he was in the mall area on the morning of the incident because he and his brothers, Michael and Jeffrey, as well as another individual by the name of "Elmer Fudd," were going to work for the owner of Celltech, a store across from the mall. He and Jeffrey drove an SUV while the other two rode in another vehicle. When they arrived, Celltech's owner was not there, so they drove to the Pearle Vision store near the mall, where Fudd's sister worked. Stanley Collins and his brother Jeffrey parked the SUV at a nearby parking lot. At one

point, Jeffrey Collins left their vehicle and walked toward the main entrance of the mall. After 45 minutes of waiting for him to return, Stanley Collins decided to look for him. He walked from the parking lot near Pearle Vision to the main entrance of the mall but did not see Jeffrey Collins. As he walked back toward the Pearle Vision parking lot, Officer Schoger stopped him and eventually arrested him.

{¶14} Stanley Collins testified that he had the flashlight on his person because he did ceiling work. Although Officer Schoger testified that Stanley Collins had told him he did not have a vehicle, Stanley Collins insisted he never made that statement to Officer Schoger. Stanley Collins testified that he never went inside the mall and he did not know whether his brother went inside. He testified initially that he never "scrapped" with his brother Jeffrey Collins, but later admitted he had been to a scrap yard by the name of Cash Scrap Aetna, bringing only aluminum cans there, however. When asked about his height and weight, Stanley Collins stated he is 6' 1" tall and weighs 185 pounds.

## Circumstantial Evidence

**{¶15}** In this case, the state's evidence consisted exclusively of circumstantial evidence. "Proof of guilt may be made by circumstantial evidence, real evidence, and direct evidence, or any combination of the three, and all three have equal probative value." *State v. Zadar*, 8th Dist. No. 94698, 2011-Ohio-1060, ¶ 18, citing *State v. Nicely*, 39 Ohio St.3d 147, 529 N.E.2d 1236 (1988). Direct evidence exists when "a witness testifies about a matter within the witness's personal knowledge such that the trier of fact is not required to draw an inference from the evidence to the proposition that it is offered to establish." *State v. Cassano*, 8th Dist. No. 97228, 2012-Ohio-4047, ¶ 13. In contrast, "circumstantial evidence requires the drawing of inferences that are reasonably permitted by the evidence." *Id*. *See also State v. Hartman*, 8th Dist. No. 90284, 2008-Ohio-3683, ¶ 37 ("[c]ircumstantial evidence is the proof of facts by direct evidence from which the trier of fact may infer or derive by reasoning other facts in accordance with the common experience of mankind").

**{¶16}** Circumstantial evidence and direct evidence inherently possess the same probative value. *Jenks,* 61 Ohio St.3d, 574 N.E.2d 492, paragraph one of the syllabus. "Although there are obvious differences between direct and circumstantial evidence, those differences are irrelevant to the probative value of the evidence — circumstantial evidence carries the same weight as direct evidence." *Cassano* at ¶ 13, citing *State v. Treesh*, 90 Ohio St.3d 460, 485, 2001-Ohio-4, 739 N.E.2d 749. "Since circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding

function is concerned, all that is required of the jury is that it weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt." *Jenks* at 272. "'Circumstantial evidence is not only sufficient, but may also be more certain, satisfying, and persuasive than direct evidence.'" *State v. Hawthorne*, 8th Dist. No. 96496, 2011-Ohio-6078, quoting *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 330, 81 S.Ct. 6, 5 L.Ed.2d 20 (1960).

## Whether the Evidence is Sufficient in This Case

{¶17} The issue in this appeal is whether the circumstantial evidence presented by the state is sufficient to convict Stanley Collins of breaking and entering, i.e., whether he trespassed by force, stealth, or deception, with purpose to commit a theft offense. In resolving this issue, we are mindful that, in reviewing a claim of insufficient evidence, we look at the evidence in a light most favorable to the state.

{¶18} The issue in this case is one of identity — whether Stanley Collins was one of the two males seen carrying pipes to a duffel bag but who fled when the police approached. One of them, Jeffrey Collins, ran and was found by Officer Turner behind a dumpster. Officer Turner did not see the face of the other male, but he was able to give a description of him — a tall, slender, black male with matted-down hair — to the other officers. Officer Schoger then spotted Stanley Collins, who matched the description provided by Officer Turner, as he was walking away from a mall entrance, his pants notably wet and muddy, even though it was a sunny day.

**{¶19}** Although there was no evidence in the state's case directly proving that Stanley Collins was the male who fled, circumstantial evidence is sufficient to establish the identity of the accused. As the Twelfth District explained:

> It is well-settled that, in order to warrant a conviction, the evidence must establish beyond a reasonable doubt the identity of the accused as the person who actually committed the crime. *State v. Scott* (1965), 3 Ohio App.2d 239, 244, 210 N.E.2d 289. However, there is no general requirement that the defendant must be visually identified in court by a witness. *Id.* Rather, direct or circumstantial evidence is sufficient to establish the identity of the accused as the person who committed the crime. *State v. Irby*, Mahoning App. No. 03 MA 54, 2004-Ohio-5929, ¶ 16-21.

*State v. Lawwill*, 12th Dist. No. CA2007-01-014, 2008-Ohio-3592, ¶ 11. *See also State v. Brown*, 10th Dist. No. 07AP-244, 2007-Ohio-6542, ¶ 19; *State v. Kiley*, 8th Dist. Nos. 86726 and 86727, 2006-Ohio-2469, ¶ 10.

**{¶20}** The circumstantial evidence presented by the state — which also included Stanley Collins's admission that he was in the vicinity of the mall with Jeffrey Collins and that he had been to a scrap shop — when viewed in totality, made a compelling case for Stanley Collins being the male who fled the scene when the police approached. Applying the legal principle that circumstantial evidence and direct evidence inherently possess the same probative value, we conclude that the circumstantial evidence in this case would allow the trier of fact to reasonably infer that Stanley Collins was the tall, slender, black male who ran away from the scene when Officer Turner approached.

**{¶21}** Stanley Collins did not dispute he was walking away from the mall when Officer Schoger approached him, but claimed he was never inside the mall and offered an explanation of why he was in the vicinity of the mall. The resolution of conflicting

testimony and the credibility of the witnesses remain within the province of the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus. When reviewing a claim of insufficiency of the evidence, we are not permitted to assess the credibility of the witnesses or otherwise weigh the evidence.

{¶22} "A verdict will not be disturbed based upon a claim of insufficient evidence unless it is apparent that reasonable minds could not come to the conclusion reached by the trier of fact." *Hawthorne*, 8th Dist. No. 96496, 2011-Ohio-6078, ¶ 9, citing *Treesh*, 90 Ohio St.3d at 484, 739 N.E.2d 749. Here, we cannot say reasonable minds could *not* come to the conclusion reached by the trier of fact. We conclude the evidence presented by the state, which is circumstantial, is sufficient for a conviction for the offense of breaking and entering.

{¶23} The assignment of error is without merit.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN A. GALLAGHER, J., CONCUR