[Cite as *State v. Williams*, 2013-Ohio-1546.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 98578

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHN WILLIAMS

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-560283

**BEFORE:** Stewart, A.J., Boyle, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** April 18, 2013

**ATTORNEY FOR APPELLANT**

Adam M. Van Ho
Burdon and Merlitti
137 South Main Street, Suite 201
Akron, OH    44308


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Maxwell M. Martin
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH    44113

MELODY J. STEWART, A.J.:

{¶1} Defendant-appellant John Williams was found guilty by a jury of breaking and entering, R.C. 2911.13(A), and criminal damaging, R.C. 2909.06(A)(1), of a neighborhood convenience store, E & T Market. He was sentenced to six months incarceration and ordered to pay restitution. In this appeal, Williams argues that his convictions were based on insufficient evidence. Specifically, Williams argues that he had permission to be inside of the store on the day in question. For the reasons that follow, we affirm the decision of the trial court.

{¶2} In the early evening hours of March 3, 2012, the Cleveland police responded to a call regarding a break-in at a market on East 55th Street and Superior Avenue. Upon arrival at the scene, two officers found the glass pane of the store's front door shattered. Using a flashlight, the officers noticed Williams crouched down underneath a counter inside the store attempting to hide. He was holding a two-by-four piece of wood in his hand. In addition to the shattered front door, a large drawer used to pass merchandise to customers from behind the secured area of the store had been pried open and damaged as result.

{¶3} Ernest Thedford was the owner of E & T Market for more than 40 years until he passed away a little more than two weeks prior to this incident. The store had remained closed in the weeks after his death. However, the owner's grandson, Michael

Jackson, was preparing to reopen the store and had been working there earlier on the day of the break-in.   In the early evening hours, Jackson said he received a call that someone was attempting to climb over the gate in front of the store to enter the premises.

{¶4} In his sole assigned error, Williams states that his convictions are unconstitutional and in violation of the law because they are based on insufficient evidence.

{¶5} A criminal defendant challenging a conviction based on the sufficiency of the evidence invokes a due process concern and raises the question of whether the evidence is legally sufficient to support the jury verdict as a matter of law.   *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, 954 N.E.2d 596, ¶ 219.

{¶6} An appellate court, when reviewing a claim based on the sufficiency of the evidence, must determine after viewing the evidence in a light most favorable to the prosecution whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.   *State v. Milton*, 8th Dist. No. 92914, 2009-Ohio-6312, ¶ 9.   The weight given to the evidence and the credibility of the witnesses are primarily for the trier of fact to determine.   *Id*.

{¶7} Breaking and entering, pursuant to R.C. 2911.13(A), states that "[n]o person by force, stealth, or deception, shall trespass in an unoccupied structure, with purpose to commit therein any theft, offense, or felony."   R.C. 2909.06(A)(1), criminal damaging,

states that "[n]o person shall cause, or create a substantial risk of physical harm to any property of another without the other person's consent."

{¶8} Williams argues that the state failed to demonstrate that he lacked permission to be on the property; therefore, the "trespass" element of breaking and entering has not been proven. In particular, Williams asserts that since the owner of the market was recently deceased, the owner's grandson had no legal authority to assert who should, and should not, be authorized to enter the store.

{¶9} On the day of the break-in, Williams, apparently unaware of Mr. Thedford's passing, told police at the scene that "ET," had given him permission to be in the store that day to do some work. The police pointed out to Williams an obituary of Thedford that was taped to the store's front window. Williams then changed his story claiming that someone else, whose name he did not know, let him in the store, locked him inside, and left him there.

{¶10} We reject Williams's argument that he had permission to enter the premises. In *State v. Collins*, 8th Dist. No. 98350, 2013-Ohio-488, this court held that proof of guilt to sustain a breaking and entering conviction may be made by circumstantial evidence, real evidence, and direct evidence, or any combination of the three. *Id*. at ¶ 15. Verdicts based on circumstantial evidence will not be disturbed based upon a claim of insufficient evidence unless it is apparent that reasonable minds could not come to the conclusion reached by the trier of fact. *Id*. at ¶ 22. In the present case, Michael Jackson had exclusive control over the store. At trial, Jackson testified to having the

only set of keys to the premises. On the day of the break-in, Jackson closed and locked the store. In response to the call he received that someone was climbing over the security gate, Jackson returned to the store. Jackson testified later that he did not know Williams nor had he given him permission to enter the store.

{¶11} Additionally, the police arriving at the scene testified that the glass on the store's front door located behind the entrance gate had been broken. At trial, one of the police officers noted that more shattered glass was found inside the premises than outside — consistent with the window having been broken from outside of the store. Since Williams had no keys found on him when he was placed under arrest, it is reasonable to conclude that he made his way onto the premises by climbing over the gate. It is also reasonable to conclude that Williams then shattered the glass on the front door to gain entry by using the same two-by-four he was holding when the police discovered him underneath the counter.

{¶12} The forced entry, combined with Williams's attempt to conceal his presence from police and his lack of keys, strongly suggest that Williams never had permission to enter the store. Therefore, the jury was presented with sufficient evidence to support the trespass element of breaking and entering.

{¶13} For the same reasons, Williams's trespass, coupled with the broken glass of the front door and damage to the merchandise drawer inside the premises, are sufficient to prove the criminal damaging charge.

{¶14} Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MELODY J. STEWART, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
TIM McCORMACK, J., CONCUR