[Cite as *State v. McCallister*, 2019-Ohio-744.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### SENECA COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 13-18-29

      v.

EARNEST J. MCCALLISTER,           O P I N I O N

      DEFENDANT-APPELLANT.


STATE OF OHIO,

      PLAINTIFF-APPELLEE,              CASE NO. 13-18-30

      v.

EARNEST J. MCCALLISTER,           O P I N I O N

      DEFENDANT-APPELLANT.


**Appeals from Seneca County Common Pleas Court**
**Trial Court Nos. 17 CR 0183 and 18 CR 0017**

**Judgment Affirmed in Part, Reversed in Part and Cause Remanded**
**In Appellate Case No. 13-18-29 and Judgment Affirmed**
**In Appellate Case No. 13-18-30**

**Date of Decision:   March 4, 2019**


APPEARANCES:

    *Dorothy L. Williams* **for Appellant**

    *Rebeka Beresh* **for Appellee**

Case No. 13-18-29 and 13-18-30

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Earnest J. McCallister ("McCallister"), appeals the August 17, 2018 judgment entries of sentence of the Seneca County Court of Common Pleas. For the reasons that follow, we affirm in part and reverse in part.

{¶2} On October 10, 2017, the Seneca County Grand Jury indicted McCallister three counts in case number 17CR0183: Count One of theft in violation of R.C. 2913.02(A)(1), (B)(2), a fifth-degree felony; Count Two of receiving stolen property in violation of R.C. 2913.51(A), (C), a fifth-degree felony; and Count Three of misuse of credit cards in violation of R.C. 2913.21(B)(2), (D)(3), a first-degree misdemeanor. (Case No. 17CR0183, Doc. No. 1). On December 7, 2017, McCallister appeared for arraignment and entered pleas of not guilty. (Case No. 17CR0183, Doc. No. 9).

{¶3} On December 18, 2017, McCallister withdrew his pleas of not guilty and entered guilty pleas, under a negotiated plea agreement, to Counts One and Three. (Case No. 17CR0183, Doc. Nos. 12, 13). In exchange for his change of pleas, the State agreed to dismiss Count Two. (*Id.*).[1] That same day, McCallister was released on his own recognizance and ordered to appear for sentencing on February 2, 2018. (Case No. 17CR0183, Doc. No. 14). McCallister did not appear on February 2, 2018. (*See* Case No. 17CR0183, Doc. Nos. 16, 17).

---

[1] The State moved to dismiss Count Two in case number 17CR0183 at the time of sentencing, and it was dismissed. (Case No. 17CR0183, Doc. Nos. 29, 30).

-2-

{¶4} Because McCallister did not appear on February 2, 2018, the Seneca County Grand Jury indicted him in case number 18CR0017 on one count of failure to appear in violation of R.C. 2937.29 and 2937.99(A), (B), a fourth-degree felony. (Case No. 18CR0017, Doc. No. 1). McCallister appeared for arraignment on April 6, 2018 and entered a plea of not guilty. (Case No. 18CR0017, Doc. No. 9).

{¶5} Case number 18CR0017 proceeded to a jury trial on July 27, 2018. (Case No. 18CR0017, July 27, 2018 Tr. at 1). That same day, the jury found him guilty of failing to appear. (Case No. 18CR0017, Doc. Nos. 27, 28).

{¶6} On July 26, 2018, McCallister filed a motion to withdraw his guilty pleas in case number 17CR0183. (Case No. 17CR0183, Doc. No. 25). On August 16, 2018, the State filed its memorandum in opposition to McCallister's motion to withdraw his guilty pleas. (Case No. 17CR0183, Doc. No. 27). On August 17, 2018, McCallister withdrew his motion to withdraw his guilty pleas and elected to proceed to sentencing. (Case No. 17CR0183, Doc. No. 28).

{¶7} That same day, the trial court sentenced McCallister to 12 months in prison on Count One and 180 days in jail on Count Three in case number 17CR0183. (*Id.*). In case number 18CR0017, the trial court sentenced McCallister to 18 months in prison. (Case No. 18CR0017, Doc. No. 30). The trial court ordered that McCallister serve the terms in case number 17CR0183 concurrently, and further ordered that he serve the concurrent terms in case number 17CR0183 concurrent to

the term imposed in case number 18CR0017, for an aggregate sentence of 18 months in prison. (Case No. 17CR0183, Doc. No. 28); (Case No. 18CR0017, Doc. No. 30). For purposes of sentencing, however, the trial court merged Counts One and Three in case number 17CR0183. (Case No. 17CR0183, Doc. No. 28).

**{¶8}** McCallister filed his notice of appeal in both cases on September 6, 2018, which were consolidated for purposes of appeal. (Case No. 17CR0183, Doc. No. 34); (Case No. 18CR0017, Doc. No. 38). He raises three assignments of error for our review.

### Assignment of Error No. I

**Insufficient Evidence was Presented by the State to Sustain a Conviction for Failure to Appear.**

**{¶9}** In his first assignment of error, McCallister argues that his failure-to-appear conviction is based on insufficient evidence. In particular, he contends that the State presented insufficient evidence that he was the person who failed to appear on February 2, 2018.

### *Standard of Review*

**{¶10}** "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1981), paragraph two of the syllabus, *superseded by state constitutional*

*amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89 (1997). Accordingly, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Id.* "In deciding if the evidence was sufficient, we neither resolve evidentiary conflicts nor assess the credibility of witnesses, as both are functions reserved for the trier of fact." *State v. Jones*, 1st Dist. Hamilton Nos. C-120570 and C-120571, 2013-Ohio-4775, ¶ 33, citing *State v. Williams*, 197 Ohio App.3d 505, 2011-Ohio-6267, ¶ 25 (1st Dist.). *See also State v. Berry*, 3d Dist. Defiance No. 4-12-03, 2013-Ohio-2380, ¶ 19 ("Sufficiency of the evidence is a test of adequacy rather than credibility or weight of the evidence."), citing *Thompkins* at 386.

*Analysis*

{**¶11**} R.C. 2937.99(A) provides, "No person shall fail to appear as required, after having been released pursuant to section 2937.29 of the Revised Code. Whoever violates this section is guilty of failure to appear * * *." R.C. 2937.29 provides:

> When from all the circumstances the court is of the opinion that the accused will appear as required, either before or after conviction, the accused may be released on his own recognizance. A failure to appear as required by such recognizance shall constitute an offense subject to the penalty provided in section 2937.99 of the Revised Code.

{¶12} McCallister does not dispute the evidence concerning the underlying elements of the failure-to-appear offense of which he was convicted; rather, he disputes the issue of identity as to the conviction. *See State v. Missler*, 3d Dist. Hardin No. 6-14-06, 2015-Ohio-1076, ¶ 13. Accordingly, we will address only the identity element of the offense. *Id.* at ¶ 13, citing *State v. Carter*, 2d Dist. Montgomery No. 25447, 2013-Ohio-3754, ¶ 9-12. "'It is well settled that in order to support a conviction, the evidence must establish beyond a reasonable doubt the identity of the defendant as the person who actually committed the crime at issue.'" *Id.*, quoting *State v. Johnson*, 7th Dist. Jefferson No. 13 JE 5, 2014-Ohio-1226, ¶ 27, citing *State v. Collins*, 8th Dist. Cuyahoga No. 98350, 2013-Ohio-488, ¶ 19, and *State v. Lawwill*, 12th Dist. Butler No. CA2007-01-014, 2008-Ohio-3592, ¶ 11.

{¶13} "There is no requirement that a witness must make an in-court identification of a defendant in criminal cases; direct or circumstantial evidence is sufficient to establish the identity of the accused as the person who committed the crime." *State v. Bailey*, 2d Dist. Montgomery No. 27177, 2017-Ohio-2679, ¶ 18, citing *Cleveland v. Williams*, 8th Dist. Cuyahoga No. 101588, 2015-Ohio-1739, ¶ 25 and *State v. Eckard*, 3d Dist. Marion No. 9-15-45, 2016-Ohio-5174, ¶ 30. "[H]owever, 'merely establishing that the defendant's name is the same as that of the alleged offender is insufficient to prove identity.'" *State v. Sandercock*, 11th Dist. Ashtabula No. 2017-A-0061, 2018-Ohio-2448, ¶ 13, quoting *Bailey* at ¶ 18,

citing *State v. Gray*, 7th Dist. Mahoning No. 09 MA 33, 2010-Ohio-2530, ¶ 7, citing *State v. Marcum*, 7th Dist. Columbiana No. 03 CO 36, 2004-Ohio-3036, ¶ 23, and citing *State v. Hatfield*, 10th Dist. Franklin No. 04AP-402, 2004-Ohio-6450, ¶ 16 and *State v. O'Neil*, 107 Ohio App.3d 557, 561 (6th Dist.1995). Ohio courts of appeal have concluded that a combination of identifiers is sufficient to establish identity. *See State v. Greer*, 9th Dist. Summit No. 26470, 2013-Ohio-4267, ¶ 22 (collecting cases concluding that a combination of identifiers is sufficient to establish identity); *State v. Rogers*, 7th Dist. Jefferson No. 14 JE 26, 2015-Ohio-2093, ¶ 38 ("Consequently, if there is more than one identifier then it is sufficient to prove identity."), citing *State v. Greene*, 6th Dist. Sandusky No. S-01-015, 2001 WL 1606831, *1 (Dec. 14, 2001) and *State v. Lewis*, 4th Dist. Ross No. 99CA2523, 2000 WL 33226193, *4 (Dec. 15, 2000). *See also Bailey* at ¶ 18 ("There must be a 'significant correspondence of identifying characteristics' between the defendant and the person with the same name who is implicated in an offense."), quoting *State v. Wilson*, 2d Dist. Champaign No. 96 CA 22, 1997 WL 666159, *4 (Oct. 24, 1997), and citing R.C. 2945.75 (B)(1).

**{¶14}** In this case, the State presented sufficient circumstantial evidence that the person who failed to appear on February 2, 2018 was the same person on trial for failing to appear on February 2, 2018. That is, the State presented evidence of a combination of identifiers between McCallister and the person with the name of

Earnest J. McCallister who was implicated in the failure-to-appear offense. At trial, Captain Daniel Dell ("Dell") of the Fostoria Police Department identified McCallister in court as Earnest McCallister with a date of birth of June 3, 1985. (July 27, 2018 Tr. at 124-125). Likewise, Amy Allen, a bailiff with the Seneca County Court of Common Pleas, testified that she was working on February 2, 2018 and that Earnest McCallister failed to appear to court that day. (*Id.* at 130-131). Specifically, Allen identified State's Exhibits 1-3 as a copy of a recognizance bond, a February 2, 2018 judgment entry, and a February 2, 2018 bench warrant all reflecting the name of the person who failed to appear that day as Earnest J. McCallister, respectively. (*Id.* at 132-135); (State's Exs. 1-3). Further, Allen indicated that the February 2, 2018 bench warrant identifies the person who failed to appear on February 2, 2018 as Earnest J. McAllister with a date of birth of June 3, 1985. (July 27, 2018 Tr. at 135); (State's Ex. 3). Therefore, because the State presented evidence beyond establishing that McCallister's name is the same name as the alleged offender, we conclude that the State presented sufficient evidence of McCallister's identity under the facts presented in this case. *See Greer* at ¶ 29, 39.

{¶15} Thus, based on the evidence presented at trial, we conclude that a rational trier of fact could have concluded that the Earnest J. McCallister who was present in the courtroom was the Earnest J. McCallister who failed to appear to court

on February 2, 2018. Accordingly, McCallister's failure-to-appear conviction is based on sufficient evidence and his first assignment of error is overruled.

**Assignment of Error No. II**

**Appellant was Denied Effective Assistance of Counsel.**

{¶16} In his second assignment of error, McCallister argues that his trial counsel was ineffective for advising him to withdraw his pre-sentence motion to withdraw his guilty pleas.

*Standard of Review*

{¶17} A defendant asserting a claim of ineffective assistance of counsel must establish: (1) the counsel's performance was deficient or unreasonable under the circumstances; and (2) the deficient performance prejudiced the defendant. *State v. Kole*, 92 Ohio St.3d 303, 306 (2001), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). In order to show counsel's conduct was deficient or unreasonable, the defendant must overcome the presumption that counsel provided competent representation and must show that counsel's actions were not trial strategies prompted by reasonable professional judgment. *Strickland* at 687. Counsel is entitled to a strong presumption that all decisions fall within the wide range of reasonable professional assistance. *State v. Sallie*, 81 Ohio St.3d 673, 675 (1998). Tactical or strategic trial decisions, even if unsuccessful, do not generally constitute ineffective assistance. *State v. Carter*, 72 Ohio St.3d 545, 558 (1995).

Rather, the errors complained of must amount to a substantial violation of counsel's essential duties to his client. *See State v. Bradley*, 42 Ohio St. 3d 136, 141-42 (1989), quoting *State v. Lytle*, 48 Ohio St.2d 391, 396 (1976), *vacated in part on other grounds*, 438 U.S. 910, 98 S.Ct. 3135 (1978).

{¶18} "Prejudice results when 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *State v. Liles*, 3d Dist. Allen No. 1-13-04, 2014-Ohio-259, ¶ 48, quoting *Bradley* at 142, citing *Strickland* at 691. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id.*, quoting *Bradley* at 142 and citing *Strickland* at 694.

*Analysis*

{¶19} McCallister's trial counsel was not ineffective for advising him to withdraw his pre-sentence motion to withdraw his guilty pleas. That is, McCallister did not prove that his trial counsel was deficient for advising him to withdraw his pre-trial motion to withdraw his guilty pleas or that the motion had a reasonable probability of success. *See State v. Costell*, 3d Dist. Union No. 14-15-11, 2016-Ohio-3386, ¶ 161, citing *State v. Schlosser*, 3d Dist. Union No. 14-10-30, 2011-Ohio-4183, ¶ 34, citing *In re Smith*, 3d Dist. Hancock No. 5-01-34, 2002 WL 255126, *6 (Feb. 22, 2002). Specifically, McCallister makes *no* argument on appeal relative to whether his pre-sentence motion to withdraw his guilty pleas would have

had a reasonable possibility of success. *See, e.g.*, *State v. Xie*, 62 Ohio St.3d 521, 526 (1992) (noting that defendants do not have an absolute right to withdraw his or her pleas prior to sentencing); *State v. Lane*, 3d Dist. Allen No. 1-10-10, 2010-Ohio-4819, ¶ 21 (addressing the factors applied to determine whether there is a reasonable and legitimate basis to permit a defendant to withdraw his plea prior to sentencing). Because McCallister made no argument relative to the reasonable probability of success of his motion, we decline to root out any possible argument for him. *Costell* at ¶ 161, citing *State v. Raber*, 189 Ohio App.3d 396, 2010-Ohio-4066, ¶ 30 ("[I]f an argument exists that can support [an] assignment of error, it is not this [c]ourt's duty to root it out."), App.R. 12(A)(2), and App.R. 16(A)(7). Therefore, McCallister's second assignment of error is overruled.

**Assignment of Error No. III**

> **The Court Abused its Discretion in Sentencing the Defendant to the Maximum Period of Incarceration Allowable by Statute.**

{¶20} In his third assignment of error, McCallister argues that the trial court erred by imposing the maximum terms of imprisonment as to each of his convictions.[2]

---

[2] McCallister contends that the trial court erred by imposing maximum terms of imprisonment as to each of his three convictions based on R.C. 2929.11(A). (Appellant's Brief at 6). However, R.C. 2929.11 applies to felony sentencing. In Count Three in case number 17CR00183, McCallister was convicted and sentenced on a first-degree-misdemeanor offense. "Misdemeanor sentencing is governed by R.C. 2929.22 * * *." *State v. Mitchell*, 2d Dist. Montgomery No. 17816, 2001 WL 726783, *1 (June 29, 2001). Because McCallister did not make any argument as to how the trial court abused its discretion by imposing its sentence for a misdemeanor violation, we decline to make one for him. *See, e.g.*, *State v. Nolan*, 3d Dist. Marion No. 9-15-48, 2016-Ohio-2985, ¶ 12 (stating that "[w]e review a trial court's sentence on a misdemeanor violation under

*Standard of Review*

**{¶21}** Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶22}** In this case, the relevant inquiry is whether the trial court's imposition of maximum sentences as to McCallister's theft and failure-to-appear offenses are contrary to law. *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 30, citing *State v. Barrera*, 3d Dist. Putnam No. 12-12-01, 2012-Ohio-3196, ¶ 20 ("A trial court's sentence will not be disturbed on appeal absent a defendant's showing by clear and convincing evidence that the sentence is unsupported by the record or otherwise contrary to law."). "A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2)

---

an abuse of discretion standard"), citing R.C. 2929.22 and *State v. Frazier*, 158 Ohio App.3d 407, 2004-Ohio-4506, ¶ 15 (1st Dist.). *See State v. Senz*, 9th Dist. No. 17CA0001-M, 2018-Ohio-628, ¶ 38 (declining to develop an argument on behalf of Senz after he "failed to develop any argument explaining how the trial court's actions violated the misdemeanor sentencing scheme"); App.R. 12(A)(2); App.R. 16(A)(7).

the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." *Id.*, citing *State v. Caraballo*, 8th Dist. Cuyahoga No. 100354, 2014-Ohio-2641, ¶ 6-7.

**{¶23}** "Trial courts have full discretion to impose any sentence within the statutory range." *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9. As a fifth-degree felony, theft carries a possible sentence of 6- to 12-months imprisonment and, as a fourth-degree felony, failing-to-appear carries a possible sentence of 6- to 18-months imprisonment. R.C. 2913.02(A)(1), (B)(2); 2937.29; 2937.99(A), (B); 2929.13(B)(2); 2929.14(A)(4), (5). Because the trial court sentenced McCallister to 12 months in prison on the theft offense and 18 months in prison on the failure-to-appear offense, the trial court's sentences fall within the statutory ranges. Accordingly, McCallister's sentences are "presumptively valid" if the trial court considered the applicable felony-sentencing statutes. *See Maggette* at ¶ 31; *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 10; R.C. 2929.11; R.C. 2929.12. At McCallister's sentencing hearing and in its sentencing entries, the trial court considered the Revised Code's principles and purposes of sentencing. (Aug. 17, 2018 Tr. at 14); (Case No. 17CR0183, Doc. No. 28); (Case No. 18CR0017, Doc. No. 30).

**{¶24}** However, McCallister's sentence in case number 17CR0183 is contrary to law for a different reason. Despite concluding that McCallister's theft

and misuse-of-credit-cards offenses are allied offenses of similar import and subject to merger, the trial court imposed a term of incarceration as to each offense, to be served concurrently. (*See* Aug. 17, 2018 Tr. at 16); (Case No. 17CR0183, Doc. No. 28). *Compare State v. Parsons*, 3d Dist. Henry No. 7-16-08, 2017-Ohio-1315, ¶ 88. "The imposition of concurrent sentences is not the equivalent of merging allied offenses." *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, ¶ 17. Accordingly, we vacate the sentence in case number 17CR0183 and remand for proper sentencing. *Id.* at ¶ 18.

{¶25} Having found no error prejudicial to the appellant herein in the particulars assigned and argued in assignments of error one, two and three, in part, we affirm the judgment of the trial court. Having found error prejudicial to the appellant herein in the particulars assigned and argued in assignment of error three, in part, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

*Judgment Affirmed in Part, Reversed in Part and Cause Remanded in Appellate Case No. 13-18-29, and Judgment Affirmed in Appellate Case No. 13-18-30*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**

-14-