[Cite as *State v. Harvey*, 2025-Ohio-1889.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,                                      CASE NO.  9-24-27

    PLAINTIFF-APPELLEE,

  V.

MARCUS G. HARVEY,                                  **OPINION AND**
                                                   **JUDGMENT ENTRY**

    DEFENDANT-APPELLANT.

---

**Appeal from Marion County Common Pleas Court**
**Trial Court No. 23-CR-371**

**Judgment Affirmed**

**Date of Decision:  May 27, 2025**

---

**APPEARANCES:**

    *W. Joseph Edwards* **for Appellant**

    *Allison M. Kesler* **for Appellee**

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Marcus G. Harvey ("Harvey"), appeals the June 18, 2024 judgment entry of sentence of the Marion County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} The case originated from an incident on August 19, 2023, where law enforcement officers were dispatched to a location in Marion, Ohio, in response to alleged threats involving a person brandishing a gun. When law enforcement located Harvey, officers observed him place a bag into the passenger compartment of a truck, which prevented immediate access to the bag and its contents. The subsequent search of the bag revealed a firearm, along with Harvey's identification and debit cards bearing his name.

{¶3} On August 23, 2023, the Marion County Grand Jury indicted Harvey on Count One of tampering with evidence in violation of R.C. 2921.12(A)(1), (B), a third-degree felony, and Count Two of receiving stolen property in violation of R.C. 2913.51(A), (C), a fourth-degree felony. On August 25, 2023, Harvey appeared for arraignment and entered pleas of not guilty.

{¶4} The case proceeded to a jury trial on May 1, 2024, and the jury found Harvey guilty of Count One but not guilty of Count Two of the indictment. On June 18, 2024, the trial court sentenced Harvey to three years of community control. (Doc. No. 77).

{¶5} Harvey filed his notice of appeal on June 26, 2024, and raises one assignment of error for our review.

**Assignment of Error**

**The Trial Court Erred In Entering A Finding Of Guilty Because The Verdict Was Against The Manifest Weight Of The Evidence.**

{¶6} In his sole assignment of error, Harvey argues that his tampering with evidence conviction is against the manifest weight of the evidence.

*Standard of Review*

{¶7} Manifest "weight of the evidence and sufficiency of the evidence are clearly different legal concepts." *State v. Thompkins*, 78 Ohio St.3d 380, 389 (1997). In determining whether a conviction is against the manifest weight of the evidence, a reviewing court must examine the entire record, "'weigh[] the evidence and all reasonable inferences, consider[] the credibility of witnesses and determine[] whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Id.* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). A reviewing court must, however, allow the trier of fact appropriate discretion on matters relating to the weight of the evidence and the credibility of the witnesses. *State v. DeHass*, 10 Ohio St.2d 230, 231 (1967). When applying the manifest-weight standard, "[o]nly in exceptional cases, where the evidence 'weighs heavily against the conviction,' should an appellate court

overturn the trial court's judgment." *State v. Haller*, 2012-Ohio-5233, ¶ 9 (3d Dist.), quoting *State v. Hunter*, 2011-Ohio-6524, ¶ 119.

*Analysis*

{¶8} Harvey was convicted of tampering with evidence in violation of R.C. 2921.12(A)(1). R.C. 2921.12 sets forth the elements of the offense of tampering with evidence and provides, in relevant part: "No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall . . . [a]lter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation . . . ." R.C. 2921.12(A)(1). Thus, to prove that Harvey tampered with evidence, the State was required to prove "(1) the knowledge of an official proceeding or investigation in progress or likely to be instituted; (2) the alteration, destruction, concealment, or removal of the potential evidence; and (3) the purpose of impairing the potential evidence's availability or value in such proceeding or investigation." *State v. Straley*, 2014-Ohio-2139, ¶ 11.

{¶9} "Knowledge that an official proceeding or investigation is under way or is likely to be instituted is based on a reasonable person standard." *State v. Shepherd*, 2020-Ohio-3915, ¶ 16 (3d Dist.). "The focus is on the intent of the defendant rather than the purpose of the criminal investigation." *State v. Hicks*, 2008-Ohio-3600, ¶ 54 (3d Dist.). "R.C. 2921.12(A)(1) employs a 'purposely' culpability standard." *State v. Rock*, 2014-Ohio-1786, ¶ 13 (3d Dist.). "A person

acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." R.C. 2901.22(A). "To determine whether a defendant acted purposely, his or her intent may be inferred from the surrounding facts and circumstances." *Shepherd* at ¶ 17.

{¶10} On appeal, Harvey argues that his tampering with evidence conviction is against the manifest weight of the evidence, pointing to the absence of DNA evidence linking him to the stolen firearm and the lack of evidence that law enforcement was prevented from accessing the bag. In other words, Harvey is challenging the weight of the evidence supporting that he was the person who committed the crime and the weight of the evidence supporting that he acted with purpose to impair law enforcement's investigation. Because they are the only elements that Harvey challenges on appeal, we will review the weight of the evidence supporting only whether he was the person who tampered with the evidence and whether he acted with purpose to impair law enforcement's investigation.

{¶11} "'It is well settled that in order to support a conviction, the evidence must establish beyond a reasonable doubt the identity of the defendant as the person who actually committed the crime at issue.'" *State v. Missler*, 2015-Ohio-1076, ¶ 13 (3d Dist.), quoting *State v. Johnson*, 2014-Ohio-1226, ¶ 27 (7th Dist.). "'[D]irect

or circumstantial evidence is sufficient to establish the identity of a defendant as the person who committed a crime.'" *Id.*, quoting *State v. Collins*, 2013-Ohio-488, ¶ 19 (8th Dist.). "'Circumstantial evidence' is the 'proof of facts by direct evidence from which the trier of fact may infer or derive by reasoning or other facts.'" *State v. Lawwill*, 2008-Ohio-3592, ¶ 12 (12th Dist.), quoting *State v. Wells*, 2007-Ohio-1362, ¶ 11 (12th Dist.). Circumstantial evidence has no less probative value than direct evidence. *State v. Eckard*, 2016-Ohio-5174, ¶ 30 (3d Dist.). *See also State v. Heinish*, 50 Ohio St.3d 231, 238 (1990) ("This court has long held that circumstantial evidence is sufficient to sustain a conviction if that evidence would convince the average mind of the defendant's guilt beyond a reasonable doubt.").

**{¶12}** Based on our review of the record, Harvey's arguments are without merit. At trial, the State presented the testimony of Officer Nicholas Geurkink ("Officer Geurkink") of the Marion Police Department who investigated the report that Harvey threatened a neighbor on August 19, 2023 with a firearm. After finding Harvey, Officer Geurkink saw that Harvey had a black crossbody bag across his chest. Officer Geurkink ordered Harvey to remove the bag from his body, but instead of complying, Harvey "began taking the bag off and turned around and began walking away." (May 1, 2024 Tr. at 136). Officer Geurkink testified that Harvey then put the bag in the passenger compartment of a Dodge truck that he did not own. According to Officer Geurkink, because Harvey was not the truck's owner, law enforcement had to wait for permission from the truck's owner to search

it and retrieve the bag. After receiving permission, Officer Geurkink found a firearm, Harvey's identification, and debit cards with Harvey's name inside the bag.

{¶13} Importantly, Officer Geurkink's direct testimony identifying Harvey as the person who tampered with evidence refutes Harvey's identity argument. Therefore, the presence or absence of DNA evidence at trial is not determinative in this case. That is, Harvey's tampering with evidence conviction did not hinge on whether Harvey physically touched the firearm. Rather, the critical evidence is the direct testimony of Officer Geurkink, who stated that he observed Harvey in sole possession of the bag and that Harvey put the bag in the truck's passenger compartment instead of complying with his order to place the bag on the ground. Further, the fact that Harvey's identification and debit cards bearing his name were located in the bag with the stolen firearm constitutes circumstantial evidence that the bag and its contents belonged to Harvey. This direct and circumstantial evidence, taken together, carries significantly more weight in establishing Harvey's identity as the perpetrator than the absence of DNA evidence. Moreover, any argument that the firearm's owner could not definitively identify the firearm is irrelevant as to the question of whether Harvey tampered with evidence.

{¶14} Furthermore, Harvey's argument that his tampering with evidence conviction is against the manifest weight of the evidence because there was nothing that prevented law enforcement from accessing the bag and its contents is belied by Officer Geurkink's testimony. Indeed, Officer Geurkink's testimony established

that Harvey disregarded his instructions and placed the bag in another's truck, supporting the conclusion that Harvey aimed to impair the availability of potential evidence. Critically, the resulting delay in accessing the bag constitutes evidence of his intent. This evidence of Harvey's deliberate actions and their immediate consequence of delaying law enforcement access outweighs any suggestion that Harvey did not intend to impair an investigation. Additionally, whether the truck or bag was legally searchable does not change the fact that Harvey's conduct demonstrates a purpose to impair law enforcement's investigation.

{¶15} For these reasons, we conclude that the jury did not lose its way and create such a manifest miscarriage of justice that Harvey's tampering with evidence conviction must be reversed and a new trial ordered. Therefore, Harvey's tampering with evidence conviction is not against the manifest weight of the evidence.

{¶16} Harvey's assignment of error is overruled.

{¶17} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**MILLER and WILLAMOWSKI, J.J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered. The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.


William R. Zimmerman, Judge


Mark C. Miller, Judge


John R. Willamowski, Judge

DATED:
/hls